**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Raoul Garza, | No. CV-24-00567-TUC-RCC |
| Plaintiff, | **ORDER** |
| v. | |
| Pima County Superior Court, et al., | |
| Defendants. | |

On November 26, 2024, Plaintiff filed a Complaint (Doc. 1) and Application to Proceed in District Court without Prepaying Fees or Costs ("IFP Application"). (Doc. 2.) The Court grants the IFP Application and dismisses this case with prejudice.

## I. IFP APPLICATION

Generally, parties who file an action in federal district court must pay a filing fee. 28 U.S.C. § 1914(a). However, 28 U.S.C. § 1915 permits indigent plaintiffs to apply for a fee waiver. Before granting a plaintiff leave to proceed in forma pauperis, the Court must decide whether the litigant is truly unable to pay filing fees. 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000). Good cause appearing, the Court will grant the IFP Application. (Doc. 2.)

## II. STATUTORY SCREENING OF IFP COMPLAINT

Even if the Court finds that a litigant is unable to pay, it has an additional, statutory obligation to screen a complaint before it may be served. 28 U.S.C. § 1915(e)(2). As the Ninth Circuit Court of Appeals has explained, "section 1915(e) not

1 only permits but requires a district court to dismiss an in forma pauperis complaint that
2 fails to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Additionally,
3 a district court must screen and dismiss actions filed by a plaintiff proceeding in forma
4 pauperis if the action "seeks monetary relief against a defendant who is immune from
5 such relief," 28 U.S.C. § 1915(e)(2)(B), or fails to plead a cognizable legal theory,
6 *Balistreri v. Pacific Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).

7 District Court screening orders apply the same standard as applied to a Federal
8 Civil Rule 12(b)(6) motion to dismiss. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir.
9 2012). A complaint under 12(b)(6) must contain a "short and plain statement of the claim
10 showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does
11 not require detailed factual allegations, "it demands more than an unadorned, the
12 defendant unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678
13 (2009). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a
14 claim to relief that is plausible on its face.'" *Id*. (quoting *Bell Atlantic Corp. v. Twombly*,
15 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content
16 that allows the court to draw the reasonable inference that the defendant is liable for the
17 misconduct alleged." *Id*. The complaint must contain more than "a statement of facts that
18 merely creates a suspicion [of] a legally cognizable right of action." *Bell Atlantic Corp.,*
19 550 U.S. at 555. Furthermore, "[t]hreadbare recitals of the elements of a cause of action,
20 supported by mere conclusory statements, do not suffice." *Id*.

21 "Determining whether a complaint states a plausible claim for relief [is] . . . a
22 context-specific task that requires the reviewing court to draw on its judicial experience
23 and common sense." *Iqbal*, 556 U.S. at 679. So, although a plaintiff's specific factual
24 allegations may be consistent with a constitutional claim, a court must assess whether
25 there are other "more likely explanations" for a defendant's conduct. *Id*. at 681.

26 If the plaintiff "fails to state a claim on which relief may be granted," the district
27 court must dismiss the claim. 28 U.S.C. §1915(e)(2)(B)(ii). But, a "complaint [filed by a
28 pro se litigant] 'must be held to less stringent standards than formal pleadings drafted by

lawyers.'" *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

### III. PLAINTIFF'S COMPLAINT

Plaintiff's Complaint against Pima County Superior Court ("PCSC") and PCSC Judge Catherine Woods alleges his constitutional rights were violated when Judge Woods issued an order of protection against him, which was later dismissed. Plaintiff has not stated a claim entitling him to relief and amendment would be futile.

As to the allegations against Judge Woods, judges are absolutely immune from damages for all judicial, "even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Sadoski v. Mosley*, 435 F.3d 1076, 1079 (9th Cir. 2006); *Harvey v. Waldron*, 210 F.3d 1008, 1012 (9th Cir. 2000). An act is "judicial" when it is a function normally performed by a judge and the parties dealt with the judge in the judge's judicial capacity. *Stump*, 435 U.S. at 362; *Crooks v. Maynard*, 913 F.2d 699, 700 (9th Cir. 1990). Judge Woods' issuance of a protective order was a judicial act performed within her subject-matter jurisdiction. Therefore, the Court will dismiss Defendant Woods.

Second, the proper name of Defendant "Pima County Superior Court" is the "Superior Court of the State of Arizona in and for the County of Pima County," and it is a state court. *See Massengill v. Super. Ct. in and for Maricopa County*, 416 P.2d 1009, 1012 (Ariz. Ct. App. 1966) (citing Ariz. Const. art. 6, § 1); *see also* Ariz. Const. art. 6, § 13 (the superior courts "constitute a single court"). Under the Eleventh Amendment to the Constitution of the United States, a state or state agency may not be sued in federal court without its consent. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Furthermore, "a state is not a 'person' for purposes of section 1983. Likewise[,] 'arms of the State' . . . are not 'persons' under section 1983." *Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1327 (9th Cir. 1991) (citation omitted). State superior courts are "arms of the State" for Eleventh Amendment purposes. *See Lucas v. Ariz. Sup. Ct. Fiduciary Certification*

*Program*, 457 F. App'x 689, 690 (9th Cir. 2011) ("The Arizona Supreme Court . . . is an 'arm of the state' for Eleventh Amendment purposes."); *Greater L.A. Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987) ("[A] suit against the Superior Court is a suit against the State, barred by the eleventh amendment."). Thus, the Court will dismiss Defendant Pima County Superior Court.

Dismissal with prejudice is appropriate if the complaint's deficiencies cannot be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127–29 (9th Cir. 2000). Given the reasons stated above, the Court finds amendment would be futile and dismissal with prejudice is appropriate.

IT IS ORDERED the IFP Application is GRANTED. (Doc. 2.) IT IS FURTHER ORDERED this matter is DISMISSED WITH PREJUDICE.

Dated this 2nd day of December, 2024.

Honorable Raner C. Collins
Senior United States District Judge